UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

PATRICIA ANN WILSON

                Plaintiff,        6:17-CV-06880-MAT
     -v-                              **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.
_____

**INTRODUCTION**

Patricia Ann Wilson ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion is denied.

**PROCEDURAL BACKGROUND**

On November 14, 2014, Plaintiff protectively filed for DIB, alleging disability beginning October 10, 2014. Administrative Transcript ("T.") 78-79. The claim was initially denied on April 8,

2015, and Plaintiff timely requested a hearing. T. 134-47. On April 7, 2016, Plaintiff's attorney withdrew her representation of Plaintiff due to medical reasons. T. 182. On June 29, 2016, a video hearing was conducted on June 29, 2016, in Falls Church, Virginia by administrative law judge ("ALJ") Elizabeth Ebner. T. 42-76. Plaintiff appeared via video conference without an attorney, after waiving her right to representation. *Id.*; T. 196-97. A vocational expert ("VE") also testified. T. 69-74. The ALJ issued an unfavorable decision on April 3, 2017. T. 9-23. Plaintiff appealed the decision to the Appeals Council ("AC"), which denied Plaintiff's request for review on December 4, 2017, making the ALJ's determination the final decision of the Commissioner. T. 1-5. This action followed.

**THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2018. T. 14.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity consistently during the period under review. T. 14. Specifically, Plaintiff had returned to work as an employee in a school cafeteria in October 2015, but was on administrative leave for some portion

of the 2015-2016 school year. The ALJ found Plaintiff had reported earnings indicative of substantial gainful activity in 2015; however, the record does not contain the exact months and date Plaintiff was actually working. Accordingly, the ALJ determined Plaintiff was not engaged in substantial gainful activity for most of the period under review and thus continued the disability analysis. T. 15.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: depression, anxiety, panic disorder, lower back pain, left hip pain, and carpal tunnel syndrome. T. 15.

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 15.

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations: occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes, or scaffolds; limited to simple routine repetitive tasks but not at production rate; no contact with the public; occasional contact with supervisors and other co-workers; cannot work with quotas or production standards; would

miss one day of work per month due to stress; and was capable of frequent reaching and handling in the non-dominant hand. T. 16.

At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. T. 21. At step five, the ALJ relied on the VE's testimony to find that there are jobs existing in the national economy Plaintiff is able to perform, including the representative occupations of laundry worker 1, laundry worker 2, and store's laborer. T. 22. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 23.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or

4

detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that: (1) new and material evidence submitted with Plaintiff's brief warrants remand; and (2) new and material evidence submitted to the Appeals Council was not properly considered, also warranting remand. For the reasons discussed below, the Court finds remand of this matter is warranted for further administrative proceedings, including the proper consideration of additional evidence submitted subsequent to the ALJ's decision.

**I. New and Material Evidence Warrants Remand**

Plaintiff has submitted additional material to this Court that she contends should be considered by the Commissioner in connection with her claim. Plaintiff further claims that the ALJ failed in her duty to develop the record by not obtaining this material earlier, particularly since she was unrepresented by counsel at her hearing.

Pursuant to the Act, the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which

5

is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). In order to justify remand under this provision, the plaintiff must show (1) that the proffered evidence is 'new' and not merely cumulative of what is already in the record, (2) that the evidence is material, *i.e.*, both relevant to the claimant's condition during the time period for which benefits were denied and probative, and (3) good cause for failing to present the evidence earlier." *Geracitano v. Callahan*, 979 F. Supp. 952, 958 (W.D.N.Y. 1997).

The burden of producing evidence generally falls on the claimant; however, because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative duty to develop the administrative record. *Perez v. Charter*, 77 F.3d 41, 47 (2d Cir. 1996) (citing *Echevarria v. Secretary of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). This duty is heightened when, as here, the claimant was not represented by counsel at the administrative hearing. *Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) ("The ALJ must 'adequately protect a *pro se* claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered' and by 'scrupulously and conscientiously prob[ing] into, inquir[ing] of, and explor[ing] for all the relevant facts.'" (internal quotation marks omitted). But, "where there are no obvious gaps in the administrative record, and

6

where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Perez v. Astrue*, 412 F. App'x 401, 406 (2d Cir. 2011) (internal quotation marks omitted); *see also Morris v. Colvin*, No. 14-CV-689S, 2016 WL 3085427 at *4 (W.D.N.Y. June 2, 2016) (finding no error in the ALJ's determination to not further develop the record where the ALJ had before him an adequate medical history to render a decision).

At the hearing in this matter, Plaintiff appeared *pro se*. T. 45; 196. Plaintiff also indicated she had not received or reviewed the medical evidence of record prior to the hearing. T. 46. The ALJ then granted Plaintiff two weeks to review the medical evidence at home and contact the ALJ if she had any objections to the evidence. *Id*.

Following the hearing, the ALJ procured several sets of treatment records on Plaintiff's behalf, including treatment records from Dr. Charles Fontana, Plaintiff's treating psychologist. T. 564-76. These records included treatment notes from February 27, 2015 through October 7, 2016; however, they did not include a medical source statement, although a treatment note dated April 2, 2015 mentioned Plaintiff presented Dr. Fontana with a Mental Residual Functional Capacity Questionnaire. T. 568.

Along with her brief, Plaintiff has now submitted the medical source statement completed by Dr. Fontana on April 2, 2015. Docket

7

No. 10-2. Plaintiff argues that the medical source statement is new and material evidence that supports remand of this case for proper evaluation by the Commissioner. For the reasons set forth below, the Court agrees remand in this case is appropriate.

As previously noted, On April 2, 2015, Plaintiff's treating psychologist Dr. Fontana completed a medical residual functional capacity questionnaire. Docket No. 10-2. In this questionnaire, Dr. Fontana opined Plaintiff was seriously limited, but not precluded from sustaining an ordinary routine without special supervision, working in coordination with or in proximity to others without being unduly distracted, accepting instructions and responding appropriately to criticism from supervisors, and getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes. *Id.* Dr. Fontana further opined Plaintiff was unable to meet competitive standards in maintaining attention for two hour segments, and completing a normal workday and workweek without interruptions from psychologically based symptoms. *Id.* Dr. Fontana also opined Plaintiff would be absent from work for more than four days per month, on average, due to her impairments or treatment. *Id*.

As noted above, this medical statement was not included in the original record, nor in the additional materials submitted to the Appeals Council, and thus, is considered "new" evidence. Furthermore, the medical statement was completed during the

relevant period by Plaintiff's treating psychologist, making it "material" evidence. Accordingly, Dr. Fontana's medical statement satisfies the first two requirements to justify remand under 42 U.S.C. § 405(g). *See Geracitano*, 979 F. Supp. at 958.

The Court further finds that the third and final requirement to show "good cause" for failing to present the medical statement earlier is satisfied for two reasons. First, Plaintiff's original attorney was unable to appear at the administrative hearing and withdrew her representation due to health reasons (T. 182); consequently, Plaintiff appeared *pro se* at the hearing (T. 196). Second, the Court agrees with Plaintiff that the Appeal Council's failure to respond to her procedural request for an additional twenty-five days to submit new evidence deprived Plaintiff's new counsel of an opportunity to properly determine what evidence was missing from the record.

As previously noted, because Plaintiff's attorney withdrew due to medical reasons, Plaintiff appeared without representation at her administrative hearing on June 26, 2016. T. 196. On April 20, 2017, Plaintiff retained new counsel to represent her on appeal. T. 198. On April 25, 2017, Plaintiff's counsel submitted a Form HA-520 request to the Appeals Council, requesting an additional forty-five days to submit a brief in support of Plaintiff's appeal and obtain access to Plaintiff's record. *Id.* On May 5, 2017, the Appeals Council granted an additional twenty-five days for

9

Plaintiff's counsel to send additional evidence to the Appeals Council for review. T. 7. On June 29, 2017, Plaintiff's counsel submitted a representative brief to the Appeals Council, along with a request for an additional twenty-five days to submit new evidence. T. 299.

The administrative record does not reflect any response from the Appeals Council to Plaintiff's counsel's request dated June 29, 2017 for additional time, which would allow them to obtain and present additional evidence to the Appeals Council for consideration. Yet, on December 4, 2017, without considering the additional evidence, the Appeals Council denied Plaintiff's request for review. T. 1-6.

The record demonstrates Plaintiff's counsel made a diligent effort to obtain records in a timely manner for review and subsequent submission to the Appeals Council. Under the circumstances, Plaintiff has adequately demonstrated good cause for having failed to submit the new and material evidence to the Appeals Council. *See Gee v. Colvin*, No. 13-CV-6396 EAW, 2014 WL 4924102, at *12 (W.D.N.Y. Sept. 30, 2014) ("good cause" was established when plaintiff appeared without an attorney at the original hearing and a subsequently retained attorney was delayed in receiving the record for review); *Miller v. Barnhart*, No. 03 CIV. 2072(MBM), 2004 WL 2434972, at *10 (S.D.N.Y. Nov. 1, 2004) (administrative error may constitute good cause for failure to

present evidence). The Court therefore finds that remand is appropriate to permit the Commissioner to consider the new and material evidence presented by Plaintiff.

## II. Plaintiff's Additional Argument

Finding remand necessary for the reasons explained above, the Court need not and does not reach Plaintiff's remaining arguments concerning the ALJ's duty to develop the record or the Appeals Council's consideration of evidence from the New York State and Local Retirement System.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 10) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgment on the pleadings (Doc. 13) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   October 22, 2018
         Rochester, New York